# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**dPi TELECONNECT, LLC,**

    **Plaintiff,**

vs.                                    CASE NO. 4:08-cv-509/RS-WCS

**THE FLORIDA PUBLIC SERVICE
COMMISSION, KATRINA J. MCMURRIAN,
NANCY ARGENZIANO, AND NATHAN A.
SKOP IN THEIR OFFICIAL CAPACITIES AS
COMMISSIONERS OF THE PUBLIC SERVICE
COMMISSION, and**

**BELLSOUTH TELECOMMUNICATIONS, INC.
d/b/a AT&T FLORIDA,**

    **Defendants.**
_____/

## ORDER

Before me are Plaintiff dPi Teleconnect's Initial Brief (Doc. 27) and Reply Brief (Doc. 34), Defendant Bellsouth Telecommunications' Answer Brief (Doc. 32), and Defendant Florida Public Service Commission and Commissioners' Answer Brief (Doc. 31). This is an appeal of the Final Order of the Florida Public Service Commission, PSC-08-0598-FOF-TP, issued on September 16, 2008.

The Public Service Commission's findings and interpretations of federal law are reviewed *de novo*. *MCI Worldcom Communications, Inc. v. Bellsouth*

*Telecommunications, Inc.,* 446 F.3d 1164, 1170 (11th Cir. 2006). The factual findings of the Commission are given deference and reviewed only under an "arbitrary and capricious" standard. *Id. See also MCI Telecommunications Corporation, et. al. v. Bellsouth Telecommunications, Inc.*, 112 F. Supp. 2d 1286, 1290 (N.D. Fla. 2000).

The issue in dispute between the parties was whether "blocks" of features placed by dPi on its customers' phone lines were "features" that entitled dPi to the Line Connection Charge Waiver promotion pricing from BellSouth. The Commission concluded that the blocks of features were not features themselves, and thus dPi was not entitled to the promotional pricing from BellSouth. This was a factual determination, not an interpretation of federal law and the Federal Telecommunications Act, therefore the Commission's decision will be reviewed under the "arbitrary and capricious" standard. *MCI Worldcom Communications, Inc. v. Bellsouth Telecommunications, Inc.,* 446 F.3d 1164, 1170 (11th Cir. 2006).

I find the Commission had a reasonable basis for making this determination. The Commission was not arbitrary or capricious in its determination that blocks of features placed on phone lines by dPi, without their customers' request or consent, were not the same as features purchased by customers. To the contrary, the blocks actually prevented features from being accessed by the customer. Because the blocks were not features, nor were they requested by dPi's customers, it was

reasonable for the Commission to determine that dPi was not entitled to receive the promotion pricing for a BellSouth promotion requiring the purchase, by a customer, of a telephone line and two features. The Commission's finding was supported by substantial evidence and it was not unreasonable. Therefore, its decision will not be disturbed.

The determination made by the Florida Public Service Commission in this case was entirely factual and did not involve any interpretation of federal law. However, I find that that the position taken by BellSouth does not violate any federal law provisions. Thus, even if a higher standard of review was required, the Commission's decision would still stand.

The relief requested by Plaintiff is **denied.** The Final Order of the Florida Public Service Commission is **affirmed**.

ORDERED on August 21, 2009.

                                              **/s/ Richard Smoak**
                                              **RICHARD SMOAK**
                                              **UNITED STATES DISTRICT JUDGE**